STATE, PLAINTIFF-APPELLEE, *v.* DEPASQUALE, DEFENDANT-APPELLANT.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 26131. Decided January 31, 1963.

274

*Mr. John T. Corrigan*, prosecuting attorney, for plaintiff-appellee.

*Mr. Franklin A. Polk*, for defendant-appellant.

CORRIGAN, J. This is an appeal on questions of law from a conviction of larceny by a jury in the Court of Common Pleas of Cuyahoga County. The indictment contained three counts, namely: burglary, larceny and receiving stolen property. The jury acquitted the defendant on counts one and three.

On January 24, 1960, the Ohio State Liquor Warehouse at 7640 Broadway Avenue, Cleveland, Ohio, was burglarized and approximately seventy-two cases of liquor stolen. A zone police car responding to a radio call at 12:55 A. M. searched the vicinity of the burglarized premises and came upon a 1956 Oldsmobile parked on Spafford Road with its headlights on, facing a 1955 Buick on the wrong side of the street, this being about three-tenths of a mile from the liquor warehouse. The defendant was behind the wheel of the Oldsmobile. Several cases of whiskey were found in the Buick. The defendant was arrested and the police went to his home at 3912 East 91st Street, Cleveland, Ohio, and found an automobile seat on the front porch which was identified as belonging to the Buick. Upon gaining entrance to the DePasquale home, the officers found the defendant's wife. They also found twenty-eight cases of liquor which were identified as part of that stolen from the wholesale liquor warehouse.

The following assignments of error are urged by appellant:

1. That the verdict is not sustained by sufficient evidence.

2. That the verdict is contrary to law.

3. Errors of law occurred at the trial prejudicial to defendant.

4. Evidence prejudicial to appellant was admitted over his objection.

5. Error by the Court in overruling appellant's motion for a directed verdict of not guilty at the close of the state's evidence in chief.

6. Error by the Court in admitting evidence obtained by an illegal search and seizure.

7. Error by the Court in not admitting evidence of a nolle prosequi offered by defendant.

8. Error by the Court in its charge to the jury.

9. Other error apparent on the face of the bill of exceptions to the prejudice of the appellant and by reason of which he was prevented from having a fair trial as affirmatively appears from the record.

We will consider the assignments of error in the order in which defendant-appellant presented them in his brief. Therein, he takes up No. 6 first and very thoroughly discusses the law on search and seizure, with which we are in complete agreement. However, the issue of the illegality of the search of the defendant's home was not raised in the trial court, either by motion to suppress the evidence obtained by such search or by objection to its introduction at the time. This issue must be brought up at that time in order to have such question considered in the reviewing court. See *State* v. *Springer*, 165 Ohio St., 182, 134 N. E. (2d), 150, and *Ruch* v. *State*, 111 Ohio St., 580, 146 N. E., 67.

Assignment of error No. 4 is then presented and it is argued that the trial court erred in permitting the prosecution to introduce testimony to determine the motive, intent, or the appellant's scheme, plan or system in connection with the charges contained in the indictment. Again, no objection to the introduction of this testimony was made at the trial and, therefore, any issue as to the admissibility of evidence not objected to at the trial will be considered as waived and cannot be the subject of review. See *Clark* v. *State*, 12 Ohio, 483. Moreover, the trial court very carefully instructed the jury on the purpose of this testimony and limited the jury's consideration to such purpose, and in our opinion, the testimony was properly admitted.

Appellant next takes the position that the verdict was against the manifest weight of the evidence, and with this contention we are unable to agree. A reading of the record brings us to the conclusion that there was substantial evidence to justify the verdict.

Fault is found by appellant with the charge of the Court but we can find no error therein.

Appellant complains further about the admission of certain records of the Ohio Bell Telephone Company and of the East Ohio Gas Company and again no objection was made to the admission of either of these exhibits in the trial. It is asserted by appellant that the Court was in error in not permitting certain testimony regarding a nolle prosequi entered in another case in which defendant-appellant was concerned. We find no prejudicial error in this ruling of the trial judge.

There being no errors apparent on the face of the record, we, therefore, overrule the remaining assignments of error. This Court finds there was ample evidence to support the verdict of the jury, by reason whereof the judgment of the Court of Common Pleas is affirmed.

Judgment affirmed. Exceptions. Order see journal.

SKEEL and HURD, JJ., concur.