THE STATE OF OHIO, APPELLEE, *v.* NORMAN, APPELLANT.

18

(No. 81-CA-30—Decided March 2, 1982.)

*Mr. W. Duncan Whitney,* prosecuting attorney, for appellee.

*Messrs. Wickham & Heald* and *Mr. Anthony M. Heald,* for appellant.

HENDERSON, P.J. This is an appeal from a judgment of the Court of Common Pleas of Delaware County, Ohio, entered upon a jury verdict finding defendant-appellant guilty of a violation of R.C. 2903.11 (felonious assault).

Appellant raises the following assignments of error:

"I. The court committed error in allowing a non-expert to render an opinion as to the shot pattern of the shotgun blast.

"II. The verdict of guilty was against the manifest weight of the evidence which clearly indicated a lack of specific intent.

"III. The trial court committed error by allowing the state to examine Dorothy Hayes by reading her the grand jury transcript of her testimony there and a prior statement given by the witness to police officers.

"IV. The court erred in refusing the testimony of Jerry Becktall.

"V. The verdict of guilty was against the manifest weight of the evidence which clearly showed that the defendant was acting under extreme emotional stress."

The record indicates that on March 9, 1981, appellant lived with his three sons at 198 North Sandusky Street, Delaware, Ohio. On that date, he had his eldest son, David, dress and go to the apartment of appellant's former wife on three to four occasions to bring her to appellant's home. At approximately 10:45 to 11:00 p.m. on said date, appellant's former wife sat down in a chair to talk with appellant at his residence in Delaware. After a period of time and the exchange of certain words, appellant obtained his Montgomery Ward Hercules 12-gauge single barrel shotgun, aimed it waist high and fired toward his former wife who was in the process of leaving the premises. The pellets left a hole waist high in the door jamb with a two-inch diameter and approximately one and one-half to two inches deep. After firing the gun, appellant replaced the gun in the bedroom, leaning it up against the north wall. The record indicates that appellant's former wife called the Delaware Police Department and reported the shooting. When the police arrived at appellant's home, he admitted to the police that he was involved in this incident and directed the officer to the weapon in the bedroom.

Appellant was indicted by the Delaware County Grand Jury for felonious assault and the matter was tried to a jury. On May 29, 1981, appellant was found guilty of felonious assault.

We proceed to examine the various assignments of error raised by appellant.

I

The first assignment of error is that "plain error" was committed when Officer Weary was allowed to render a non-expert opinion as to the shot pattern made by the 12-gauge shotgun.

Evid. R. 701 reads as follows:

"If the witness is not testifying as an expert, his testimony in the form of opinions or inferences is limited to those opinions or inferences which are (1) rationally based on the perception of the witness and (2) helpful to a clear understanding of his testimony or the determination of a fact in issue."

We note from a reading of the record that this officer was not called to testify as an expert witness. He described the shot pattern from the shotgun in this case as a lay witness who had been a law en-

forcement officer for over eight years and who was also a hunter. Thus, he spoke from experience and observation as to the choke on the shotgun fired by appellant and the shot pattern as it appeared upon the door jamb. These statements concerning shot patterns aided the triers of fact in understanding the testimony.

We note further, however, that this is not a matter that was objected to by trial counsel and the rule in Ohio is quite plain that a defendant is not entitled to review under the "plain error" doctrine when the evidence is admitted without objection at trial and there is no defect affecting substantial rights. See *State* v. *Wolery* (1976), 46 Ohio St. 2d 316 [75 O.O.2d 366], and *State* v. *DePasquale* (1963), 118 Ohio App. 486 [25 O.O.2d 134]. See, also, *State* v. *Long* (1978), 53 Ohio St. 2d 91 [7 O.O.3d 178]. As is stated in *Long, supra,* paragraph three of the syllabus:

"Notice of plain error under Crim. R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice."

For the above reasons, we hereby overrule appellant's first assignment of error.

## II

The second assignment of error is that the verdict of guilty was against the manifest weight of the evidence because there was a lack of specific intent proven by the state.

In this case, appellant was charged with felonious assault under R.C. 2903.11. The statute reads, in part, as follows:

"(A) No person shall knowingly:

"(1) Cause serious physical harm to another;

"(2) Cause or attempt to cause physical harm to another by means of a deadly weapon or dangerous ordnance as defined in Section 2923.11 of the Revised Code."

R.C. 2901.22(B) defines the term "knowingly" as follows:

"A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist."

Appellant raises the issue of intoxication for the purpose of negativing the specific intent required under R.C. 2903.11. Some of the testimony of the witnesses indicates that appellant was intoxicated but still understood his actions and words throughout the evening of the incident. For example, appellant remembers the portions of the time that he wants to. He knew that all three of his sons were home and in bed at the time of the shooting and he recalls his former wife's voice. He also recollects that the police handcuffed him and took photographs of him at the jail. We note further that appellant was not so intoxicated that he could not send his oldest son, David, on three or four occasions on the evening in question with a verbal message for his former wife. When the former wife appeared, he had her sit down in the chair so that they could talk and there was conversation between the two of them. The former wife testified that he was not so drunk that she could not converse with him.

There is further testimony from the Delaware police officers that appellant's speech was such that he was able to converse with them and could walk without difficulty. At one point, when one of the officers found the gun in question, appellant was not so intoxicated that he could not advise them that they needed a search warrant in order to seize the gun. When the officer was questioned, he testified to the jury that he believed that appellant understood certain questions that were put to him by the officer.

The rule in Ohio is that intoxication is not a defense to the commission of a crime unless a defendant is able to show that the degree of intoxication was so great as to

negate the ability to form an intent to commit the crime. This was a question for the jury and we note that all of the witnesses who testified in this case with the exception of David Norman, the son, stated that appellant was intoxicated but that he was rational during the course of the evening and the night of the crime. Such evidence is not sufficient to raise the defense of state of intoxication. See *State* v. *Toth* (1977), 52 Ohio St. 2d 206 [6 O.O.3d 461].

We note further that the trial court fully charged the jury on the issue of intoxication and its relationship to knowingly committing the crime. The court stated:

"Intoxication is not an excuse for the commission of an offense; however, such evidence is admissible for the purpose of showing that the defendant was so intoxicated that he was incapable of having the knowledge to commit the offense of felonious assault.

"If you find that the State of Ohio failed to prove beyond a reasonable doubt that the defendant had the knowledge to commit the offense of felonious assault, then you must find the defendant not guilty."

Appellant also assigns as error the fact that the trial court refused to grant his motion for acquittal which was requested by counsel pursuant to Crim. R. 29. Crim. R. 29(A) reads as follows:

"Motion for judgment of acquittal. The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses. The court may not reserve ruling on a motion for judgment of acquittal made at the close of the state's case."

Pursuant to this rule, a court cannot order an acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of the crime has been proven beyond a reasonable doubt. See *State* v. *Thomas* (1980), 61 Ohio St. 2d 223 [15 O.O.3d 234]; *State* v. *Nipps* (1979), 66 Ohio App. 2d 17 [20 O.O.3d 49]; and *State* v. *Bridgeman* (1978), 55 Ohio St. 2d 261 [9 O.O.3d 403].

We find that reasonable minds could have reached different conclusions as to whether each material element of a crime had been proven beyond a reasonable doubt in this case.

For the reasons set forth hereinabove, we hereby specifically overrule appellant's second assignment of error.

### III

The third assignment of error is that the trial court improperly allowed the state to examine appellant's former wife by reading to her the grand jury transcript of her testimony and also a prior statement given by her to Delaware police officers.

Under Evid. R. 607, "the credibility of a witness may be attacked by the party calling the witness by means of a prior inconsistent statement only upon a showing of surprise and affirmative damage."

In the case *sub judice,* the prosecutor was surprised when the victim of this crime testified in contradiction to her previous grand jury statements and also statements made to the Delaware Police Department. This surprise operated as affirmative damage to the state's case. See *State* v. *Diehl* (1981), 67 Ohio St. 2d 389 [21 O.O.3d 244]. In *Diehl, supra,* the prosecutor read the grand jury testimony to his witness to refresh the memory of the witness and then questioned the witness as to whether he recalled giving such testimony. The Supreme Court in *Diehl* ruled that the prosecutor's trial tactics were proper. The question of surprise is one which is entrusted to the discretion of the trial court judge and we find in this case that appellant has failed to demonstrate any abuse in the court's discretionary power to permit the pros-

ecutor to confront the witness with her previous statements.

Appellant also complains that the court failed to give a limiting instruction to the jury explaining the use of the grand jury transcript and testimony, and argues that this was "plain error" which necessitated a reversal of the lower court's judgment. We have searched this record, however, and do not find that trial counsel for appellant ever requested such an instruction. Under Crim. R. 30, a party may not assign as error the giving or failure to give any instruction unless he objects thereto before the jury retires to consider its verdict. Otherwise, he is considered as having waived his right to such instruction. No such request appears in the record.

The failure to give a limiting instruction is not prejudicial error to the extent of constituting "plain error."

For the reasons set forth hereinabove, we hereby specifically overrule appellant's third assignment of error.

## IV

The fourth assignment of error is that the court abused its discretion in not permitting appellant to call a witness who would have testified with regard to the characteristics of a long-term alcoholic.

We note first from a reading of this record that on April 10, 1981, the Delaware County Prosecuting Attorney had filed a demand for discovery upon defense counsel and that the prosecutor had not been notified of the existence of the defense witness, Jerry Becktall, until the morning of the trial. The state objected to Becktall taking the stand because he had not examined appellant and Becktall's name had not been provided to the state as part of the discovery process.

Crim. R. 16 allows a court to prohibit the introduction into evidence of the testimony of a witness who had not been disclosed to the other side prior to the time of trial where there is a continuing order for discovery. We note the trial court sustained the motion of the state on the ground that there had been a failure to comply with Crim. R. 16, but even more importantly because the potential witness had general opinions as to problems of an alcoholic person, but had not examined appellant and knew nothing about the specifics with regard to appellant and his drinking problems. We find under all the circumstances that there was no abuse of discretion herein. See State v. Roberts (1980), 62 Ohio St. 2d 170 [16 O.O.3d 201]; and State v. Hipkins (1982), 69 Ohio St. 2d 80 [23 O.O.3d 123].

For the reasons set forth hereinabove, we hereby specifically overrule appellant's fourth assignment of error.

## V

The fifth assignment of error is that the verdict was against the manifest weight of the evidence which clearly showed that appellant was acting under extreme emotional stress.

The question of emotional stress is raised for the first time in this court. Not once during the course of the trial did appellant claim that he was acting under extreme emotional stress and for such reason the question of emotional stress is not an issue upon which this court is required to rule. Even if we were required to so rule, however, there is considerable competent testimony from witnesses other than the former wife of appellant which indicates that, in fact, appellant was not under extreme emotional stress. The case was tried in the trial court on the theory that appellant was so intoxicated that he could not form the specific intent to commit this crime. Appellant cannot have it both ways. He was either intoxicated to the point of not being able to form a specific intent or he was acting under extreme emotional stress. Since appellant chose to assert the defense of intoxication and did not raise the question of extreme stress in the court below, we

find that the question of emotional stress need not be considered.

An examination of the record herein would show that there was sufficient evidence for the jury who saw the witnesses and who were able to determine the credibility of those witnesses to find that, in fact, appellant was guilty of a violation of R.C. 2903.11.

For the reasons set forth hereinabove, we hereby specifically overrule appellant's fifth assignment of error.

For all of the reasons set forth, we hereby specifically overrule all five assignments of error of appellant and we affirm the judgment of the Court of Common Pleas of Delaware County, and we remand this case to said court for execution of its sentence.

*Judgment affirmed.*

McKEE and RUTHERFORD, JJ., concur.

RUTHERFORD, J., retired, of the Fifth Appellate District, was assigned to active duty under authority of Section 6(C), Article IV, Constitution.