THE STATE OF OHIO, APPELLEE, *v.* JUREK, APPELLANT.

(No. 55525—Decided July 3, 1989.)

*John T. Corrigan,* prosecuting attorney, *Christa D. Brunst* and *Kathleen Peterson,* for appellee.

*James R. Willis* and *Philip J. Korey,* for appellant.

J. F. CORRIGAN, J. The defendant attorney, Frederick K. Jurek, appeals from his jury trial conviction on three counts of a four-count indictment charging him with bribing a bond commissioner[1] for the purpose of steering criminal cases to preferred judges. The defendant's five assignments of error relate solely to the admission of tape recordings made by an attorney who acted as a police informant during the four-month investigation.

The defendant argues that the trial court erred in (a) denying his motion to suppress because the recording by a police informer violated his Fourth Amendment right against illegal searches and Sixth Amendment right to counsel, (b) by denying his motion to dismiss based upon outrageous government conduct, (c) admitting evidence of other crimes in violation of Evid. R. 403(A) and 404(B), and (d) admitting the informant's recorded hearsay statements without independent proof of a conspiracy as required under Evid. R. 801(D)(2)(e). Each of these errors lacks merit, so we affirm his convictions.

I

The defendant and an attorney who shared the defendant's office were secretly indicted on October 24, 1986 for bribery and obstruction of justice. Those offenses involved the payment of money to a state witness for the purpose of withholding testimony. The police immediately arrested the attorney whereupon he agreed to cooperate with the police in an unrelated ongoing investigation concerning the steering of criminal cases in the court of common pleas. During the next four months of the investigation the informant carried a tape recorder in order to secretly record his conversations with the defendant and a bond commissioner who was suspected of having

---

[1] For related case, see *State* v. *McCool* (1988), 46 Ohio App. 3d 1, 544 N.E. 2d 933.

discovered a means to bypass the random assignment of judges at arraignment. At times the police also "wired" the informant for remote recording of his conversation.

During the course of the investigation, the prosecution accumulated upwards of seventy-five tapes, twenty-two of which the state introduced at trial. Those tapes revealed that the defendant had on at least three occasions paid money to the bond commissioner in order to have the cases of criminal defendants which he represented steered to certain judges preferred by defense attorneys. The tapes disclosed a scheme whereby the defendant would inform the bond commissioner, who administered the arraignment room, that he wanted certain judges assigned to his defendant's case. The bond commissioner would then later inform the defendant whether one of those judges was "available." If an "acceptable" judge was available for the day of his client's arraignment, the defendant would pay the bond commissioner $300 and invariably that judge would be assigned to the case.

## II

The defendant, in his first assignment of error, claims that the trial court should have excluded the tapes of his conversations with the informant because (1) they included "privileged" conversations with his clients, and (2) his right to counsel had attached when the grand jury secretly indicted him for the other offense.

It is well-established that a criminal defendant does not have a reasonable expectation of privacy in his conversations with police informants. *Hoffa* v. *United States* (1966), 385 U.S. 293, 302-303. Further, neither the Fourth Amendment nor state law requires the suppression of recordings of such conversations made with the consent of the police informant. *State* v. *Geraldo* (1981), 68 Ohio St. 2d 120, 22 O.O. 3d 366, 429 N.E. 2d 141, syllabus; see, also, *United States* v. *Caceres* (1979), 440 U.S. 741, 750-751; *United States* v. *White* (1971), 401 U.S. 745, 749-754. The defendant argues that those tapes should have been suppressed because they included conversations which the defendant had with clients in his office. However, the attorney-client privilege does not extend to those conversations because they clearly never were intended to be confidential since they were made in the presence of others, including the police informant. Cf. *State* v. *Post* (1987), 32 Ohio St. 3d 380, 385-386, 513 N.E. 2d 754, 760-761.

The defendant next argues that the undisclosed recording of his conversations by the police informant after he had already been indicted for bribing a witness violated his Sixth Amendment right to counsel. Cf. *Kirby* v. *Ilinois* (1972), 406 U.S. 682, 689-690. However, the trial court properly refused to exclude that evidence since the defendant's right to counsel had only attached with respect to the unrelated pending charge. *State* v. *Roe* (1989), 41 Ohio St. 3d 18, 22, 535 N.E. 2d 1351, 1358; *State* v. *Clark* (1988), 38 Ohio St. 3d 252, 260, 527 N.E. 2d 844, 853; cf. *Maine* v. *Moulton* (1985), 474 U.S. 159, 180, fn. 16 (dictum).

The defendant's first assignment of error is without merit.

## III

The defendant, in his second assignment of error, argues that the trial court erred in overruling his motion to dismiss based upon "outrageous government conduct." Cf. *United States* v. *Russell* (1973), 411 U.S. 423, 431-432.

The Supreme Court in *United States* v. *Russell, supra,* overturned a federal court of appeals decision

establishing a defense to a criminal charge, distinct from the defense of entrapment, based upon an excessive degree of governmental participation in the criminal enterprise. While refusing to recognize that defense, the court commented that there could be situations where "the conduct of law enforcement agents is so outrageous that due process principles would absolutely bar the government from invoking judicial processes." *Id.* However, in *Hampton* v. *United States* (1976), 425 U.S. 484, 490, the Supreme Court in a plurality opinion seemingly foreclosed this "defense" in holding:

"[Where] the police engage in illegal activity in concert with a defendant beyond the scope of their duties the remedy lies, not in freeing the equally culpable defendant, but in prosecuting the police under the applicable provisions of state or federal law."

Similarly, this court has refused to recognize the due process defense of outrageous government conduct separate from the entrapment defense. See *State* v. *Latina* (1984), 13 Ohio App. 3d 182, 185, 13 OBR 229, 232-233, 468 N.E. 2d 1139, 1143-1144. We decline to depart from our earlier ruling.

Further, our review of the defendant's specific allegations of governmental misconduct fails to disclose fundamentally unfair conduct by the state which could conceivably warrant due process remedies.

The defendant first complains that the prosecution violated Crim. R. 6(E) by disclosing to police the contents of the secret indictment against the informant. The prosecutor disclosed this information in conjunction with the issuance of a capias against the informant. We first note that the defendant lacks standing to challenge any impropriety concerning the informant's indictment. Further, Crim. R. 6(E) specifically provides that the finding of a secret indictment may be disclosed for the purpose of issuing a warrant or summons.

Conversely, the defendant objects to the prosecution's failure to immediately disclose the indictment against him for bribing a witness. He claims that the prosecution obtained an unfair "tactical" advantage by keeping that indictment secret. However, Crim. R. 6(E) expressly authorizes the use of secret indictments. That device legitimately ensures the security of ongoing criminal investigations concerning unrelated offenses.

The defendant next complains that the prosecution violated Crim. R. 9(B)(1) and R.C. 2935.13 by not immediately arresting the informant upon the issuance of a warrant at the time of this indictment. He objects to the prosecution's use of the informant in the investigation during the four months between the indictment and the informant's actual arrest and arraignment. Here again the defendant lacks standing to assert for his own benefit a possible violation of the informant's rights. In addition, Crim. R. 9(B)(1) and R.C. 2935.13 are clearly designed to prohibit an unreasonable detention by the arresting authority prior to an accused's being brought before a court or magistrate. Here, the police released the informant after a minimal detention in observance of the rule and the statute.

The defendant finally argues that the prosecution's use of the informant while he represented criminal defendants constituted "outrageous conduct" in violation of due process. He claims that the prosecution in effect encouraged the informant's violation of his duties to (1) preserve the confidences of his clients (DR 4-101), and (2) exercise independent judgment on behalf of his clients (DR 5-101). While this court is deeply concerned and troubled by the conflicts that may well have arisen during the informant's

representation of criminal defendants at that time, only those defendants have standing to seek redress for any abuses that may have occurred. Cf. *State* v. *Milligan* (1988), 40 Ohio St. 3d 341, 533 N.E. 2d 724 (criminal defendant entitled to dismissal or exclusionary remedies for prosecution's unauthorized interception of conversations with his attorney).

We overrule the defendant's second assignment of error.

## IV

The defendant, in his three remaining assignments of error, claims that the trial court erred in admitting tape recordings which included evidence of other crimes where (1) the trial court failed to delineate the specific purposes for its introduction under Evid. R. 404(B) and R.C. 2945.59, and (2) that evidence was unfairly prejudicial under Evid. R. 403(A). The defendant also claims the tape recordings were inadmissible hearsay, arguing that the prosecutor failed to establish that the informant was a co-conspirator under Evid. R. 801(D)(2)(e).

We first note that while the defendant generally claims that the tape recordings contained an "overwhelming amount" of irrelevant, inadmissible, incompetent, and unfairly prejudicial evidence, he fails to specifically direct our attention to those portions of the tape recordings which he contends are objectionable. For this reason alone, we would overrule his remaining three assignments of error. See App. R. 12(A) ("Errors not specifically pointed out in the record and separately argued by brief may be disregarded."). We further find in addressing his substantive claims that his assigned errors lack merit.

In reviewing the transcripts of the tape recordings, this court could discern references to five criminal cases in which the defendant availed himself of the illegal steering procedure but which were not properly encompassed by the four-count indictment. Consistently throughout trial the trial court prefaced the introduction of this evidence with an instruction consistent with Evid. R. 404(B), which provides:

"Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." See, also, R.C. 2945.59 (admission of other acts evidence).

The defendant first complains that the trial court should have (1) required the prosecution to specify those elements under the rule which the evidence was being introduced to prove, and (2) limited its instruction to include only those specific elements. We agree that in light of the potential for unfair prejudice, such procedure should, upon timely request, be followed prior to the admission of evidence of other crimes. Cf. *Huddleston* v. *United States* (1988), 485 U.S. 681, 691. (construing Fed. R. Evid. 404[b]). In this case Jurek requested a limiting instruction pursuant to Evid. R. 105. However, he failed to object to the actual content of the trial court's general instruction either during trial or before the jury retired. The defendant cannot now complain when the trial court granted him all the relief that he requested. Cf. Crim. R. 30; *State* v. *Norman* (1982), 7 Ohio App. 3d 17, 20-21, 7 OBR 19, 22-23, 453 N.E. 2d 1257, 1261 (failure to request limiting instruction waives error).

The defendant next argues that the evidence of his involvement in other instances of case steering should have been excluded because its pro-

bative value was substantially outweighed by unfair prejudice. See Evid. R. 403(A). The admission or exclusion of relevant evidence, under Evid. R. 403(A), rests within the sound discretion of the trial court. *State* v. *Rahman* (1986), 23 Ohio St. 3d 146, 152, 23 OBR 315, 320, 492 N.E. 2d 401, 407. We will affirm the trial court's ruling absent a showing that the trial court acted unreasonably, arbitrarily, or unconscionably. *State* v. *Apanovitch* (1987), 33 Ohio St. 3d 19, 22, 514 N.E. 2d 394, 398.

In this case, the trial court properly exercised its discretion. The other acts evidence was highly relevant under both Evid. R. 404(B) and R.C. 2945.59. The defendant was indicted on four counts of bribery involving the payment of the bond commissioner in return for the assignment of his defendants' cases to what he perceived to be defense-oriented judges. The evidence that he had participated in five other instances of case steering is certainly relevant to establish intent and the absence of mistake. Further, the tape recordings were admissible as "scheme, plan or system" evidence which formed the immediate background for the indicted acts. *State* v. *Wilkinson* (1980), 64 Ohio St. 2d 308, 315-316, 18 O.O. 3d 482, 487-488, 415 N.E. 2d 261, 268. On the other hand, while this evidence certainly prejudiced the defendant, we cannot say that the evidence of other similar crimes prejudiced him *unfairly*. The other wrongs committed by the defendant were the same as the crimes for which he was charged so that the jury would be less likely to draw additional negative inferences concerning the defendant's character. Moreover, we note that any error in the admission of the other crimes evidence would be harmless since overwhelming direct evidence established the defendant's guilt. Cf. *State* v. *Williams* (1988), 38 Ohio St. 3d 346, 351, 528 N.E. 2d 910, 917.

The defendant finally argues that the informant's recorded statements constituted inadmissible hearsay because the prosecution failed to establish that the informant was a co-conspirator pursuant to Evid. R. 801(D)(2)(e). At a hearing on the defendant's motion to exclude that evidence the informant testified (1) that the defendant had informed him about the case steering process, (2) that prior to his cooperation with police, several times he had given money to the defendant with the understanding that that money would be paid to the bond commissioner in order to ensure the assignment of certain judges, (3) those judges had been assigned in accordance with the payment, and (4) the defendant told him that he had twice availed himself of the process.

The trial court may well have erred in admitting the informant's hearsay statements based upon this evidence alone since independent proof of the conspiracy is necessary for the introduction of co-conspirator statements. Evid. R. 801(D)(2)(e); *State* v. *Milo* (1982), 6 Ohio App. 3d 19, 22-23, 6 OBR 44, 47, 451 N.E. 2d 1253, 1257. However, this error did not prejudice the defendant since evidence later presented at trial established the conspiracy between the defendant and the informant. See *State* v. *Milo, supra.* Court records produced at trial corroborated the informant's testimony with respect to the assignment of judges. Further, the tape-recorded, non-hearsay statements made by the defendant may be considered to establish the "'independent proof of the conspiracy'" required under Evid. R. 801(D)(2)(e). *State* v. *Duerr* (1982), 8 Ohio App. 3d 396, 402, 8 OBR 511, 516-517, 457 N.E. 2d 834, 841; see, also, Evid. R. 801(D)(2)(a) (statements

36

against interest made by party admissible).

The defendant also claims that the trial court should have excluded the tape recordings because they contained irrelevant and highly prejudicial statements which attacked the defendant's character and credibility. See *State* v. *Hamblin* (1988), 37 Ohio St. 3d 153, 155, 524 N.E. 2d 476, 478-479. Our review of those tapes fails to disclose the inclusion of unfairly prejudicial material. The trial court took great pains to excise conversation which could be considered inflammatory. Further, at the defendant's request the trial court periodically instructed the jury that the tapes included "locker room talk" which the jury should not consider in their deliberations. Moreover, our review of the record reveals that the trial court generally granted the defendant's requests to delete privileged or objectionable material and that the defendant insisted that the remainder be submitted in an unedited form. Accordingly, the defendant cannot claim error where the trial court afforded him his requested relief.

We overrule the defendant's three remaining assignments of error and affirm his convictions.

*Judgment affirmed.*

ANN MCMANAMON, C.J., and NAHRA, J., concur.