NATIONWIDE MUTUAL INSURANCE COMPANY, Appellee,

v.

MACHNIAK, Appellant, et al.

[Cite as *Nationwide Mut. Ins. Co. v. Machniak* (1991), 74 Ohio App.3d 638.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 58614.

Decided June 24, 1991.

*Payne & Payne* and *William A. Payne,* for appellee.

*Pomerantz & Cichocki, David I. Pomerantz* and *Paul W. Newendorp,* for appellant.

PATTON, Judge.

On May 31, 1986, appellant Cheryl Machniak was struck by an automobile operated by Robert Jarrells. It is uncontroverted that immediately prior to appellant's injury, Jarrells was involved in an altercation with Daniel Maxwell, who was operating the vehicle in which appellant was a passenger. The fight arose out of a dispute involving a mutual girlfriend. According to Jarrells' deposition testimony, the fight did not involve appellant and he had no intention of harming her. Following an initial altercation, Jarrells continued to pursue the Maxwell vehicle in his own automobile. Apparently, the

appellant fell to the ground as she attempted to exit from the Maxwell vehicle. However, the exact cause of appellant's fall is not readily ascertainable from the record. In any event, Jarrells subsequently pulled around Maxwell's vehicle and ran over appellant's left arm as she lay on the pavement.

As a result of this incident, Jarrells was charged with two counts of felonious assault in violation of R.C. 2903.11. Following plea negotiations, he agreed to plead guilty to one of the two counts contained in the indictment.

Primarily relying on Jarrells' felonious assault conviction, the trial court summarily ruled in favor of appellee Nationwide Mutual Insurance Company on its declaratory judgment action.

Pursuant to an intentional injury exclusionary clause in Nationwide's insurance policy, the trial court determined that Nationwide had no duty to defend or indemnify Jarrells. Subsequent to the trial court's decision, the appellant brought this appeal.

Appellant's first and second assignments of error are interrelated and will be discussed together. They provide:

"I. The trial court erred in granting declaratory judgment to appellee because there was no showing that the intentionally caused injury exclusion of appellee's insurance policy was applicable to the facts of this case.

"II. The trial court erred in granting declaratory judgment to appellee without trial, since the criminal conviction upon which the judgment was based is not conclusive evidence of the facts underlying the criminal charges."

Appellant argues the trial court incorrectly applied an intentional injury exclusionary clause contained in Nationwide's policy of insurance. Specifically, appellant objects to the trial court's reliance upon a felonious assault conviction as the sole basis for determining that the insured acted intentionally in injuring appellant. For the reasons which follow, appellant's contentions have merit.

■ The language of Nationwide's insurance policy provides in part:

"This auto property damage and bodily injury liability insurance does not apply as follows:

"1. It does not cover property damage or bodily injury *caused intentionally* by or at the direction of an insured." (Emphasis added.)

Review of the trial court's judgment entry granting declaratory relief to Nationwide indicates it treated Jarrells' guilty plea and felonious assault conviction as conclusive evidence of his intent to injure appellant. Examination of the relevant criminal statutory provisions fails to support the trial court's conclusion that a felonious assault conviction is conclusive evidence of intent to injure.

The crime of "felonious assault" is defined in R.C. 2903.11. It provides:

"No person shall *knowingly* * * * cause or attempt to cause physical harm to another by means of a deadly weapon or dangerous ordnance, as defined in section 2923.11 of the Revised Code." (Emphasis added.)

"Knowingly" is defined in R.C. 2901.22(B) as follows:

"A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist."

In contrast, "purposely" is defined in R.C. 2901.22(A) as follows:

"A person acts purposely when it is his specific intention to cause a certain result, or, when the gist of the offense is a prohibition against conduct of a certain nature, regardless of what the offender intends to accomplish thereby, it is his specific intention to engage in conduct of that nature."

From the statutory provisions quoted above, it is evident that Jarrells' felonious assault conviction does not affirmatively establish an intent to harm appellant. As statutorily defined, felonious assault is not a specific-intent crime. In this regard *Preferred Risk Ins. Co. v. Gill* (1987), 30 Ohio St.3d 108, 30 OBR 424, 507 N.E.2d 1118, is distinguishable. In *Gill*, the insured's intent to cause injury was conclusively established by the insured's plea of guilty to aggravated murder. An essential element of aggravated murder is that the perpetrator "intended to cause the death." See R.C. 2903.01(D). In contrast, no similar intent provision is contained in the felonious assault statute.

Thus, we conclude that a felonious assault conviction does not conclusively establish an intent to injure. Accordingly, the trial court erred in summarily holding, as a matter of law, that the insured intended to cause injury.

The Ohio Supreme Court has recently construed similar intentional injury exclusionary provisions in *Physicians Ins. Co. v. Swanson* (1991), 58 Ohio St.3d 189, 569 N.E.2d 906. In order to avoid coverage on the basis of an exclusion for expected or intentional injuries, the insurer must demonstrate that the injury itself was expected or intended. *Id.* at syllabus. Furthermore, "it is not sufficient to show merely that the act was intentional." *Id.* at 193, 569 N.E.2d at 910.

Thus, in order for the exclusionary clause to apply in the present case, the insurer must demonstrate that the appellant's injury was expected or intended. Given the limited record before us, we are unable to determine this factual issue. In light of the trial court's summary disposition, we find it

necessary to remand for further proceedings consistent with this opinion. Accordingly, appellant's first and second assignments of error have merit.

Appellant's third assignment of error alleges:

"III. The trial court erred in failing to grant appellant's motion for summary judgment."

Appellant argues the trial court erred in denying her motion for summary judgment. She contends that there were no genuine issues of material fact and she was entitled to judgment as a matter of law. We do not agree.

It is axiomatic that a motion for summary judgment shall be granted only when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Summary judgment shall not be granted unless it appears from the evidence that reasonable minds could come to but one conclusion and that conclusion is adverse to the party against whom the motion is made. In reviewing a motion for summary judgment, the inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 4 O.O.3d 466, 364 N.E.2d 267.

Moreover, upon motion for summary judgment pursuant to Civ.R. 56, the burden of establishing that material facts are not in dispute, and that no genuine issue of fact exists, is on the party moving for summary judgment. *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 8 O.O.3d 73, 375 N.E.2d 46.

In the present case appellant failed to establish that there were no genuine issues as to any material fact. As indicated in our disposition of appellant's first and second assignments of error, a material issue of fact exists concerning whether the insured intentionally harmed appellant. Accordingly, the motion for summary judgment was properly denied by the trial court. Appellant's third assignment of error, therefore, lacks merit.

*Judgment affirmed in part,*
*reversed in part and*
*cause remanded for*
*further proceedings.*

Matia, P.J., and Francis E. Sweeney, J., concur.