Defendant-appellant, John Fugate, appeals from his conviction in the Butler County Court of Common Pleas for felonious assault with a firearm specification, resisting arrest and two counts of criminal damaging. We affirm.
On the evening of February 4, 1996, Deputy Mary Steiner of the Butler County Sheriff's Department, while on duty in a marked cruiser, was parked at a restaurant on U.S. Route 27 in Hanover Township. At approximately 10 p.m., Steiner observed a vehicle that appeared to be speeding. Steiner followed and noticed the vehicle swerving between marked lanes and driving erratically. At this point, Steiner turned on her overhead lights and initiated a traffic stop. After both vehicles stopped, appellant immediately exited his vehicle, walked toward the cruiser and, from a shooter's stance, fired five or six shots at the officer's cruiser with a handgun. While the shots were still being fired, Steiner put her cruiser in reverse and backed away from appellant. The cruiser was struck in the left front tire, fender and headlight. Appellant then re-entered his vehicle and attempted to flee the scene. After calling for assistance, Steiner pursued in her cruiser and appellant drove his car into a mailbox and some bushes and was subsequently arrested. Following a trial by jury, appellant was convicted on all counts. Appellant timely filed a notice of appeal and presents three assignments of error for our review.
In his first assignment of error, appellant argues that the trial court erred by failing to rule on his competency and insanity plea before trial. We address the two issues separately.
It is well-established that a trial of a legally incompetent defendant constitutes a violation of due process. Drope v. Missouri (1975), 420 U.S. 162, 171-72, 95 S.Ct. 896, 903-04; Pate v. Robinson (1966), 383 U.S. 375, 378, 86 S.Ct. 836, 838. In Ohio, a competency hearing is mandatory when requested before trial and the test of competency is whether a defendant is "incapable of understanding the nature and objective of the proceedings against him or of presently assisting in his defense." R.C. 2945.37(A). At a competency hearing, a defendant is presumed competent unless incompetency is proved by a preponderance of the evidence. Id. See Cooper v. Oklahoma (1996),517 U.S. 348, 116 S.Ct. 1373. In lieu of a hearing, a defendant may stipulate to a report of a forensic psychologist on the issue of competency. R.C. 2945.37(A). See, also, R.C. 2945.371.
In this case, appellant pled not guilty by reason of insanity on April 25, 1996. On April 26, the trial court ordered a forensic psychological examination to determine appellant's competency to stand trial and evaluate defendant's plea of not guilty by reason of insanity. On May 14, 1996, appellant was examined by Bonnie G. Hopes, Ph.D., a psychologist with the Butler County Center for Forensic Psychiatry. At a hearing on May 22, 1996, defendant stipulated to Dr. Hopes' report that appellant was competent to stand trial. Further, in her report, Dr. Hopes opined that appellant was not legally insane at the time of the offense. In a journal entry entered the same day, the trial court found that appellant was competent to stand trial and, by motion of appellant, the plea of not guilty by reason of insanity was withdrawn.
Next, appellant's defense counsel withdrew from the case and new defense counsel was appointed. After a short continuance, the plea of not guilty by reason of insanity was renewed on July 29, 1996. Following a brief discussion between the court and defense counsel at a August 19, 1996 hearing, the court ordered a second forensic psychological examination for appellant on both his competency and the insanity plea. For a reason never established in the record, this examination apparently never took place.
On November 11, 1996, appellant was found guilty on all counts, but due to errors unrelated to this appeal, a new trial was granted. On December 16, 1996, before the second trial, appellant's trial counsel again raised the competency issue. Trial counsel proffered that appellant had not eaten in eight days and had lost considerable weight. Also, appellant was not taking his psychotropic medication due to the fact it "made his skin and hair itch." A report dated December 8, 1996 from the Butler County Jail indicated that appellant had been hoarding medication. The trial judge questioned appellant on the record as follows:
BY THE COURT: Alright. Do you know who I am?
MR. FUGATE: Yes, Sir.
BY THE COURT: Who am I?
MR. FUGATE: Judge Matthew Crehan.
 BY THE COURT: Okay. Who is sitting to your left?
MR. FUGATE: My attorney, Drew Engel.
 BY THE COURT: And who is sitting to your right?
 MR. FUGATE: An associate. I can't remember her name, I'm sorry.
 BY THE COURT: Okay. And who's over here on this other table?
MR. FUGATE: A prosecutor, assistant prosecutor.
BY THE COURT: Okay. Do you know his name?
MR. FUGATE: Mr. Moeller.
 BY THE COURT: Mr. Moeller. Do you know who's sitting next to him?
MR. FUGATE: Detective Rumpler.
 BY THE COURT: Okay. Do you know what my job is?
 MR. FUGATE: Yes, Sir. To judge the trial or hearing.
 BY THE COURT: Okay. And you know what the prosecutor's job is?
MR. FUGATE: Yes, Sir.
BY THE COURT: What's his job?
 MR. FUGATE: His job is to prosecute me. To show evidence and prosecute me.
 BY THE COURT: And what's your — What's your attorney's job?
MR. FUGATE: To defend me.
 BY THE COURT: Okay. So you know what's going on here?
MR. FUGATE: Oh, yes, Sir.
 BY THE COURT: And you understand that this is a re-trial?
MR. FUGATE: Yes.
 BY THE COURT: Alright. And that you're basically being charged with the same offenses that you were charged with before in the other trial?
MR. FUGATE: Yes, Your Honor.
Following this colloquy, the court found appellant competent to stand trial.
Appellant alleges that the failure of the court to ensure that a second psychological examination took place before appellant's second trial constitutes plain error. See Crim.R. 52(B). We disagree. The undisputed and stipulated expert witness testimony of Dr. Hopes indicates that appellant was competent to stand trial. At the December 16, 1996 hearing, appellant was well aware of the nature of the proceedings and defense counsel never indicated appellant could not assist in his defense. Although appellant may have not been eating or taking his medication, the only objection raised to competency at trial came at the conclusion of the proceedings. The trial judge, in the best position to evaluate appellant's demeanor, concluded that "he looked fine." In short, the expert testimony, the December 16, 1996 hearing and the trial transcript all indicate appellant was legally competent.
It appears that despite the trial court's order for a second psychological examination and report, a second examination and report did not occur. However, the competency statutes do not require multiple forensic psychological examinations, nor does due process demand such a policy. See 2945.371(A) ("If the issue of a defendant's competence is raised under section 2945.37 of the Revised Code, the court may order one or more, but not more than three evaluations of the defendant's mental condition.") (Emphasis added); State v. Bailey (1993), 90 Ohio App.3d 58, 67.
Appellant also argues that the trial court failed to rule on the renewed plea of not guilty by reason of insanity. A thorough review of the record indicates that appellant never made this argument during the second trial or made any attempt to have the insanity plea reach the jury. The plea of not guilty by reason of insanity is an affirmative defense and creates a burden to go forward on the defendant. State v. Humphries (1977), 51 Ohio St.2d 95. The first assignment of error is overruled.
In appellant's second assignment of error, he argues the verdict was against the manifest weight of the evidence. Specifically, appellant avers the expert testimony of Dr. Hopes conclusively proved voluntary intoxication. In reviewing a manifest weight of the evidence claim, an appellate court acts as a "thirteenth juror" and reviews the trier of fact's resolution of the case. State v. Thompkins (1997), 78 Ohio St.3d 380, 387. "The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses, and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Id.
Appellant contends the evidence demonstrates that his intoxication negated the required mental state for the crimes for which he was convicted. In Ohio, the general rule is voluntary intoxication is not a defense to any crime. State v. Fox (1981),68 Ohio St.2d 53, 54-55. However, an exception exists where a specific intent is an essential element of the crime. State v. Wolons (1989), 44 Ohio St.3d 64, 68. Assuming, arguendo, that any of the crimes for which appellant was convicted require specific intent,[1] voluntary intoxication only applies if appellant proved that he was "so intoxicated as to be mentally unable to intend anything." State v. Otte (1996), 74 Ohio St.3d 555, 564, certiorari denied, U.S., 117 S.Ct. 109, citing State v. Jackson (1972), 32 Ohio St.2d 203, 206, certiorari denied (1973),411 U.S. 909.
In appellant's taped confession, entered into the trial record, appellant admitted that he was "mad" because he did not feel he should have been stopped by the police. Also, Steiner indicated appellant was not shooting randomly, but instead was in a shooter's stance. Similarly, appellant testified that he was shooting "high up on the windows." J.D. Smith, a deputy sheriff with Butler County Sheriff's Department, who assisted in the arrest, testified that appellant did not seem drunk or confused. Finally, Dr. Hopes stated that her testimony concerning appellant's state of intoxication was largely dependent on the self-serving statements of appellant and that he could have exaggerated his degree of intoxication. Reviewing the totality of the record, we do not believe the jury lost its way. See Thompkins, 78 Ohio St.3d at 387. The second assignment of error is overruled.
In his third assignment of error, appellant avers that he was provided ineffective assistance of counsel. The test for ineffective assistance of counsel has two parts: 1) were errors committed by counsel so serious that a defendant was denied effective assistance of counsel as guaranteed by the Sixth Amendment, and 2) did any such errors prejudice a defendant's right to a fair trial. Strickland v. Washington (1984),466 U.S. 668, 690, 104 S.Ct. 2052, 2066. In order to show prejudice, there must be a reasonable possibility, but for counsel's trial errors, the result of the proceeding would have been different. Id. at 694, 104 S.Ct. at 2068. This court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689,104 S.Ct. at 2065.
Appellant's first claim is that defense counsel erred in opening argument by telling the jury that appellant was guilty of the lesser included offense of aggravated menacing rather than felonious assault. Appellant contends that since the intoxication offense was available for either offense, defense counsel's argument may have dissuaded the jury from applying the intoxication defense to the felonious assault count. However, as previously discussed, ample evidence exists that appellant was well aware of the consequences of his actions and formed the requisite mental state for his convictions. The suggestion that the jury rejected the voluntary intoxication defense simply due to defense counsel's opening argument invites sheer speculation. Therefore, even assuming defense counsel was in error, there is no reasonable possibility that the outcome of the trial would have been any different. See id. at 694, 104 S.Ct. at 2068.
Finally, during a break in the trial, some jurors apparently viewed appellant in handcuffs and shackles. After moving for a mistrial, defense counsel refused to have the trial judge question jurors about whether the incident affected the jurors ability to decide the case. Defense counsel explained, on the record, he simply did not want to draw further attention to the matter. The trial court denied the mistrial.
Trial tactics of counsel generally have a strong presumption of competency. State v. Phillips (1995), 74 Ohio St.3d 72, 85, certiorari denied (1996), 517 U.S. 1213, 116 S.Ct. 1835. We find counsel's reluctance to draw further attention to the matter to be a reasonable trial tactic. In any event, appellant has not established the requisite prejudice. The third assignment of error is overruled.
Judgment affirmed.
POWELL, P.J., and KOEHLER, J., concur.
[1] Appellant was convicted of, inter alia, felonious assault, R.C. 2903.11, and criminal damaging, R.C. 2909.06(A)(1). Both of these crimes require the mental state of "knowingly." The Eighth District Court of Appeals has repeatedly held that felonious assault is not a specific intent crime because the defendant need not act with "purpose." See Nationwide Mutual Ins. Co. v. Machiniak (1991), 74 Ohio App.3d 638; State v. Wilson (May 5, 1994), Cuyahoga App. No. 65442, unreported; State v. Ficker (Oct. 2, 1993), Cuyahoga App. No. 63493, unreported. However, the Second, Fourth and Fifth Appellate Districts have concluded or tacitly assumed "knowingly" crimes are specific intent crimes and voluntary intoxication is a defense. See State v. Williams (June 14, 1995), Greene App. No. 94 CA 65, unreported; State v. Norman (1982), 7 Ohio App.3d 17, 19-20; State v. Ward (July 25, 1983), Vinton App. No. 397, un-reported.