DECISION AND JUDGMENT ENTRY
{¶ 1} Defendant-Appellant, Ronnie Goad, appeals the decision of the Washington County Court of Common Pleas convicting him of domestic violence, felonious assault and abduction. Appellant's counsel, after reviewing the record, states he can find no meritorious claim for appeal and, pursuant to Anders v. California, requests permission to withdraw from the case. Counsel did, however, raise two arguable issues for us to consider: (1) the evidence did not establish beyond a reasonable doubt that Appellant *Page 2 
knowingly caused serious physical harm; and (2) Appellant's intoxication prevented him from possessing the mental state necessary to commit felonious assault and abduction. Because we find both potential assignments of error to be wholly frivolous, we grant counsel's request to withdraw and affirm the decision of the trial court.
 I. Facts {¶ 2} The parties agree on the following set of facts. In April 2007 Ronnie Goad and Jessica Burner, known now and at trial as Jessica Poling, were living with their two-year old son, Cyrus Goad, in Lowell, Ohio. On the night of April 24, 2007, Goad and Poling got into an argument outside their residence which led to Goad locking Poling out of the house. After several attempts to go back into the house to retrieve her purse, Poling told Goad that she was leaving. Goad then came out and began chasing Poling. After briefly fleeing, Poling sat down on the ground in the dark, because she was afraid of tripping over something. Goad then swore at Poling and hit her once in the face with his fist, resulting in an injury which caused Poling to bleed profusely from her nose. Goad then either dragged or carried Poling back to the house where Poling tried to stop the bleeding with a towel. *Page 3 
 {¶ 3} Once inside, Poling could see bone protruding from where she had been struck and attempted to call for medical attention. Goad allowed her to call only his mother for assistance. Poling testified that Goad blocked her from leaving the premises when she tried to do so and that Goad forced her to agree to say that the injury was a result of an accident. Goad's mother transported Poling to the hospital where the injury was stitched and closed, after x-rays revealed that Poling's nose was broken in three places. Poling subsequently had to undergo surgery to repair the damage to her nose in November of 2007.
 {¶ 4} After the emergency room visit, Poling returned home out of concern for her son. Six days later, however, Poling reported the assault to Sheriffs Deputy Bob Eddy. Deputy Eddy listened to conversations between Goad and Poling while Goad was in jail and testified that Goad admitted to hitting Poling. Further, a letter written by Goad was introduced by the State at trial which contained an apology from him for punching her and for breaking her nose.
 II. Anders Brief {¶ 5} Appellant's counsel has filed an Anders brief in this action. Under Anders v. California (1967), 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, counsel may ask permission to withdraw from a case when he or she *Page 4 
has conscientiously examined the record, can discern no meritorious claims for appeal and has determined the case to be wholly frivolous. Id. at 744; State v. Adkins, Gallia App. No. 03CA27, 2004-Ohio-3627, at ¶ 8. Counsel's request to withdraw must be accompanied with a brief identifying anything in the record that could arguably support the client's appeal. Anders at 744; Adkins at ¶ 8. Further, counsel must provide the client with a copy of the brief and allow sufficient time for him or her to raise any other issues, if the client chooses to do so. Id. Once counsel has satisfied these requirements, the appellate court must conduct a full examination of the trial court proceedings to determine if meritorious issues exist. If the appellate court determines that the appeal is frivolous, it may grant counsel's request to withdraw and address the merits of the case without affording the appellant the assistance of counsel. Id. If, however, the court finds the existence of meritorious issues, it must afford the appellant assistance of counsel before deciding the merits of the case. Anders at 744; State v.Duran, Ross App. No. 06CA2919, 2007-Ohio-2743, at ¶ 7.
 {¶ 6} In the current action, Appellant's counsel concludes the appeal is wholly frivolous and has asked permission to withdraw. Pursuant toAnders, Counsel has filed a brief raising two potential assignments of error for this *Page 5 
court to consider. Counsel has also otherwise fulfilled the requirements of Anders. Appellant has not filed a pro se brief.
 III. Potential Assignments of Error 1. THE EVIDENCE DID NOT ESTABLISH BEYOND A REASONABLE DOUBT THAT GOAD KNOWINGLY CAUSED SERIOUS PHYSICAL HARM.
 2. GOAD'S INTOXICATION PREVENTED HIM FROM POSSESSING THE MENTAL STATE NECESSARY TO COMMIT FELONIOUS ASSAULT AND ABDUCTION.
 IV. First Arguable Assignment of Error {¶ 7} Appellant's first arguable assignment of error asserts that the evidence did not establish beyond a reasonable doubt that he knew that striking Poling in the face would cause serious physical harm. Felonious assault, a second-degree felony, is defined in R.C. 2903.11. The statute provides in pertinent part, "No person shall knowingly: (1) Cause serious physical harm to another." R.C. 2903.11(A)(1). Thus, the State was required to prove that Appellant knowingly caused serious physical harm to Poling.
 {¶ 8} Appellant's argument focuses on the culpable mental state required for the commission of felonious assault. To be guilty of felonious assault, a defendant must act "knowingly." R.C. 2903.11(A). "A person acts knowingly, regardless of purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature." *Page 6 
R.C. 2901.22(B); See, also, State v. Dunham (1997), 118 Ohio App.3d 724,729,693 N.E.2d 1175; State v. Edwards (1992), 83 Ohio App.3d 357, 361,614 N.E.2d 1123; State v. Vanover (May 18, 1999), Lawrence App. No. 98CA38,1999 WL 354337. Thus, Appellant committed a felonious assault if he acted with the awareness that his conduct would probably cause serious physical harm to another. State v. Metz (Apr. 21, 1998), Washington App. No. 96CA48, 1998 WL 199944; See, also, State v. Miller (Jun. 15, 1995), Franklin App. No. 94APA10-1458, 1995 WL 360234 (felonious assault does not require intent to cause serious physical harm; it requires only that the conduct will probably cause such harm); Vanover, supra. In analyzing "knowledge" as a mental state, culpability is inferred from voluntary performance of the act itself, where the risk of a resulting harm is present. State v. Cartellone (1981), 3 Ohio App.3d 145, 148,444 N.E.2d 68; State v. Aschenbener (Feb. 7, 1991), Cuyahoga App. No. 57900,1991 WL 13005; Vanover, supra.
 {¶ 9} Here, Appellant did not deny that he punched Poling and broke her nose. In fact, a letter written by Appellant to Poling was admitted into evidence which essentially admitted the charge by apologizing for hitting her and breaking her nose. Further, photographic evidence introduced at trial demonstrated the seriousness of Poling's injuries, which were further *Page 7 
confirmed by the fact that Poling required corrective surgery as a result of the injury. Thus, we conclude, assuming arguendo, that Appellant did not intend the consequences of his actions, the State proved that Appellant acted with the awareness that his conduct could have resulted in serious physical harm to Poling. Further, as Appellant's counsel correctly concedes, "a person is presumed to intend the natural, reasonable and probable consequences of his voluntary acts." State v. Johnson (1978), 56 Ohio St.2d 35, 39, 381 N.E.2d 637. As such, Appellant's first arguable assignment of error is without merit.
 V. Second Arguable Assignment of Error {¶ 10} Appellant's second arguable assignment of error asserts that his intoxication prevented him from possessing the mental state necessary to commit felonious assault and abduction. As set forth above, Ohio's felonious assault statute provides in pertinent part, "No person shall knowingly: (1) Cause serious physical harm to another." R.C. 2903.11(A)(1). (Emphasis added). Likewise, R.C.2905.02(A)(2), which defines the elements of abduction, provides in pertinent part that "No person, without privilege to do so, shall knowingly do any of the following: * * * (2) By force or threat, restrain the liberty of another person under circumstances that create a risk of physical harm to the victim or place the other person in *Page 8 
fear." (Emphasis added). Thus, the mental state required for the commission of both felonious assault and abduction are the same, knowingly.
 {¶ 11} R.C. 2901.21(C) provides that:
 "Voluntary intoxication may not be taken into consideration in determining the existence of a mental state that is an element of a criminal offense. Voluntary intoxication does not relieve a person of a duty to act if failure to act constitutes a criminal offense. Evidence that a person was voluntarily intoxicated may be admissible to show whether or not the person was physically capable of performing the act with which the person is charged." Again, Appellant essentially confessed that he hit Poling with enough force to break her nose, when he wrote her a letter of apology for his actions. As such, Appellant does not and cannot argue that his alleged intoxication impaired him to the extent he was physically incapable of inflicting serious physical harm upon Poling. Rather, Appellant simply argues that his alleged intoxication prevented him from having the requisite mental state necessary to commit felonious assault.
 {¶ 12} Ohio appellate districts are in disagreement with regard to whether the mental state of "knowingly" constitutes a specific intent crime for which voluntary intoxication may be a defense. For example, as noted *Page 9 
by the Twelfth District in State v. Fugate (June 1, 1998), Butler App. No. CA97-02-031, 1998 WL 281336 at footnote 1:
 "The Eighth District Court of Appeals has repeatedly held that felonious assault is not a specific intent crime because the defendant need not act with "purpose." See Nationwide Mutual Ins. Co. v. Machiniak (1991), 74 Ohio App.3d 638, 600 N.E.2d 266; State v. Wilson (May 5, 1994), Cuyahoga App. No. 65442, unreported; State v. Ficker (Oct. 2, 1993), Cuyahoga App. No. 63493, unreported. However, the Second, Fourth and Fifth Appellate Districts have concluded or tacitly assumed "knowingly" crimes are specific intent crimes and voluntary intoxication is a defense. See State v. Williams (June 14, 1995), Greene App. No. 94 CA 65, unreported; State v. Norman (1982), 7 Ohio App.3d 17, 19-20, 453 N.E.2d 1257; State v. Ward (July 25, 1983), Vinton App. No. 397, unreported."
Notwithstanding the above cited caselaw, and despite the language contained in R.C. 2901.21(C) above, this Court has held that intoxication may, in fact, preclude the existence of the mental state of "knowingly," as required for the commission of felonious assault.
 {¶ 13} For example, in State v. Brunty (Dec. 30, 1986), Ross App. No. 1293, 1986 WL 15206, this Court referenced State v. Fox (1981),68 Ohio St.2d 53, 54, 428 N.E.2d 410, which stated:
 "The common law and statutory rule in American jurisprudence is that voluntary intoxication is not a defense to any crime. Long v. State (1923), 109 Ohio St. 77, 86. An exception to the general rule has developed, where specific intent is a necessary element, that if the intoxication was such as to preclude the formation of such intent, the fact of intoxication may be shown to negative this element. See 8 A.L.R.3d 1236, Modern Status of the Rules as to Voluntary Intoxication as Defense to Criminal Charge. In such a case, intoxication, although voluntary, may be considered in determining whether an act was done intentionally or with deliberation or premediation. State v. French (1961), 171 Ohio St. 501, 502, certiorari denied 366 U.S. 973." *Page 10 
Further, in Brunty, we reasoned that "[t]he defense of intoxication may be utilized to negative the culpable mental state of acting "knowingly." Relying on State v. Norman (1982), 7 Ohio App.3d 17, 453 N.E.2d 1257.
 {¶ 14} Nonetheless, as aptly noted by the State, aside from Appellant's unsupported assertions and Poling's reference to the fact that the pair had been doing drugs the night of the assault, there is no evidence in the record to support a claim or defense that Appellant was intoxicated or actually impaired, as a result of his drug use, to such an extent that he was incapable of forming the intent or awareness necessary to "knowingly" inflict serious physical harm upon Poling. As such, we find no merit to Appellant's second arguable assignment of error.
 VI. Conclusion {¶ 15} After conducting a full and independent examination of the record and the proceedings below, we agree with Appellant's counsel that there are no meritorious issues upon which to base an appeal. Having reviewed Appellant's two potential assignments of error and having found the appeal to be wholly frivolous, we hereby grant Appellant's counsel's motion to withdraw and affirm the judgment of the trial court.
 JUDGMENT AFFIRMED. *Page 11 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
 Kline, P.J. and Harsha, J.: Concur in Judgment and Opinion. *Page 1