The STATE of Ohio, Appellee,

v.

BIRKMAN, Appellant.

[Cite as *State v. Birkman* (1993), 86 Ohio App.3d 784.]

Court of Appeals of Ohio,
Clermont County.

No. CA92–05–054.

Decided March 22, 1993.

*Donald W. White,* Clermont County Prosecuting Attorney, and *David Henry Hoffmann,* Assistant Prosecuting Attorney, for appellee.

*J. Robert Andrews,* for appellant.

WILLIAM W. YOUNG, Judge.

Defendant-appellant, Thomas R. Birkman, appeals his bench trial conviction before the Clermont County Court of Common Pleas for sexual imposition pursuant to R.C. 2907.06(A)(1) and gross sexual imposition pursuant to R.C. 2907.05(A)(1).

Appellant was indicted on one count each of sexual imposition and gross sexual imposition by the Clermont County Grand Jury on July 31, 1991. The case proceeded to trial beginning March 30, 1992.

The evidence at trial indicated that Mary E. Schwallie was an automobile sales person for Al Castrucci Ford in Milford. Appellant was the new car sales manager at the dealership and was Schwallie's supervisor. Schwallie testified that during the first two weeks of March 1991, appellant made sexually suggestive comments to her and would repeatedly untuck her shirt from her pants and pull on her brassiere strap. She further stated that on March 28, 1991, appellant backed her against a wall of an office and, while restraining her movement with his arms, touched her breasts. Schwallie stated that she resisted these actions by appellant and made him aware that she found such conduct offensive.

Douglas F. Foster, another salesperson, testified that on several occasions he observed appellant touch Schwallie's buttocks and breasts. Foster also stated that Schwallie resisted this contact and attempted to prevent it. Salesperson Cindy Wilson testified that appellant made sexually suggestive remarks to Schwallie and that she had seen appellant touch Schwallie's breasts. Wilson also testified that appellant backed Schwallie against the wall of an office at the dealership. However, she stated that she turned her head and did not witness appellant touching Schwallie during that incident.

Appellant took the stand and denied any sexual contact with Schwallie. He conceded that sex was often a topic of discussion at the dealership and that he had engaged in horseplay with Schwallie, but contended that he had not touched her breasts or buttocks. Donald Schmidt, a sales manager at the dealership, and Steven Jordan, a former salesman, testified that they had witnessed no sexual contact between appellant and Schwallie.

The court found appellant guilty of both counts set forth in the indictment. Appellant was sentenced to sixty days' incarceration and assessed a $500 fine for the sexual imposition conviction. He was sentenced to two years' imprisonment and assessed a $2,000 fine for the gross sexual imposition charge. The sentences were suspended, and appellant was placed on probation for a period of three years. The trial court's judgment entry was filed on May 12, 1992.

Appellant brings the instant appeal, setting forth the following assignments of error:

Assignment of Error No. 1:

"It is error and contrary to the statutory provisions for the trial court to extend the coverage of the 'rape shield' provisions of Ohio law to cover the sexual contact prohibited under Ohio Revised Code § 2907.06(A)(1), sexual imposition."

Assignment of Error No. 2:

"It is error and contrary to the statutory provisions for the trial court to convict a person of a violation of Ohio Revised Code § 2907.06 solely upon the victim's testimony unsupported by other evidence."

Assignment of Error No. 3:

"The defendant was deprived of his right to due process of law in violation of the United States Constitution and of his statutory and procedural rights when the trial court refused to allow defense counsel to inspect prior out-of-court statements made by the state's witnesses."

Assignment of Error No. 4:

"The trial court, as a matter of law, violated the defendant's due process of rights [sic] by a finding of guilt as the evidence was legally insufficient."

Assignment of Error No. 5:

"The trial court erred in convicting the appellant-defendant because such conviction is against the manifest weight of the evidence."

For the sake of clarity, we will begin with the fourth and fifth assignments of error, which will be addressed together. In these assignments, appellant contends that his convictions were based on insufficient evidence and were against the manifest weight of the evidence.

An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *Id.* Under *Jenks,* the same test is applied in reviewing the weight and sufficiency of the evidence. *Id.* at 273, 574 N.E.2d at 503; *State v. Gillman* (Oct. 28, 1991), Clermont App. No. CA90–09–093, unreported, 1991 WL 219600.

■ We conclude that a rational trier of fact could have found the elements of sexual imposition proven beyond a reasonable doubt. R.C. 2907.06, governing sexual imposition, provides in part as follows:

"(A) No person shall have sexual contact with another, not the spouse of the offender * * * when any of the following applies:

"(1) The offender knows that the sexual contact is offensive to the other person * * * or is reckless in that regard."

R.C. 2907.01, defining "sexual contact," provides the following:

"(B) 'Sexual contact' means any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person."

In the instant case, Schwallie testified that she made appellant aware that any sexual contact would be offensive to her. Douglas Foster stated that appellant on several occasions touched Schwallie's breasts and buttocks, and Cindy Wilson stated that appellant touched Schwallie's breasts. Both Foster and Wilson testified that Schwallie resisted such contact and demonstrated that the contact was offensive. While appellant adduced evidence tending to show that no sexual contact had occurred, or in the alternative, that the contact was not offensive, the trial court apparently found that evidence not to be credible. Such questions of

credibility are properly left to the trier of fact, and we refuse to disturb the trial court's finding. See, generally, *Jenks, supra,* 61 Ohio St.3d at 273, 574 N.E.2d at 503. Thus, we find that the conviction for sexual imposition was supported by the evidence.

■ Similarly, we cannot say that the conviction for gross sexual imposition was contrary to the evidence. R.C. 2907.05, governing gross sexual imposition, provides in part as follows:

"(A) No person shall have sexual contact with another, not the spouse of the offender * * * when any of the following applies:

"(1) The offender purposely compels the other person * * * to submit by force or threat of force."

The term "force" is defined in R.C. 2901.01 as follows:

"(A) 'Force' means any violence, compulsion, or constraint physically exerted by any means upon or against a person or thing."

Schwallie testified that appellant backed her against the wall of an office and touched her breasts. She stated that appellant placed his arms in such a way that she could not move away from him. This version of the incident was substantially supported by Wilson, though Wilson did not see the actual touching of the erogenous zone and was uncertain as to some of the details surrounding the incident.

Appellant argues first that the incident did not take place and cites testimony in the record to that effect. However, as noted above, questions of credibility are properly left to the trier of fact, and we will not disturb the trial court's finding. Appellant next argues that, even accepting Schwallie's version of the incident, the trial court erred in finding that the element of force was proven. We disagree. Appellant's act of placing his arms such that Schwallie could not move away from him constituted force within the meaning of R.C. 2907.05(A)(1) and 2901.01(A). Contrary to appellant's assertion, the fact that the prosecution did not establish fear of injury or other such apprehension on the part of Schwallie did not render the conviction invalid. See *State v. Miley* (June 2, 1988), Carroll App. No. 547, unreported, 1988 WL 59821. Appellant was properly convicted of sexual imposition and gross sexual imposition, and his fourth and fifth assignments of error are accordingly overruled.

■ In his first assignment of error, appellant argues that the trial court erred in granting the state's pretrial motion *in limine* regarding Schwallie's alleged participation in sexually related discussions and horseplay prior to the acts alleged in the indictment. Appellant attempted to introduce such evidence to demonstrate that his conduct was not offensive to Schwallie within the meaning of

R.C. 2907.06(A)(1). Appellant now contends that the trial court erred in excluding the evidence on the basis of Ohio's rape shield statute.

Appellant's argument is not persuasive. The state concedes that the rape shield statute is not applicable to a prosecution for sexual imposition pursuant to R.C. 2907.06. However, it is evident from the record of the hearing on the motion that the trial court excluded the evidence on the basis of Evid.R. 403, which provides in part the following:

"(A) Exclusion mandatory. Although relevant, evidence is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury."

The decision to admit or exclude evidence under Evid.R. 403 rests within the sound discretion of the trial court and will not be reversed absent an abuse of discretion. *State v. Jurek* (1989), 52 Ohio App.3d 30, 35, 556 N.E.2d 1191, 1196–1197. An abuse of discretion means more than a mere error of law or judgment; it implies that the trial court's decision is unreasonable, arbitrary, or unconscionable. *State v. Adams* (1980), 62 Ohio St.2d 151, 157, 16 O.O.3d 169, 172–173, 404 N.E.2d 144, 148–149.

In the case at bar, we cannot say that the trial court abused its discretion. Though the evidence of the horseplay and the sexual banter was probative of the general working atmosphere of the dealership, we cannot say that it was highly probative of appellant's attitude toward actual touching as alleged in the indictment. Further, we conclude that the trial court reasonably found the evidence to be unfairly prejudicial to the prosecution in proving that the sexual contact, as opposed to mere horseplay and conversation, was known by appellant to be offensive. In any event, we cannot say that the trial court's decision was unreasonable, arbitrary or unconscionable. Accordingly, the first assignment of error is overruled.

In his second assignment of error, appellant contends that the trial court erred in convicting him of sexual imposition based solely upon the testimony of the victim. R.C. 2907.06(B) provides as follows:

"No person shall be convicted of a violation of this section solely upon the victim's testimony unsupported by other evidence."

Thus, R.C. 2907.06(B) requires corroboration of the victim's testimony in order for a defendant to be convicted of sexual imposition. Appellant argues that such corroboration was not present in the instant case.

Appellant's argument is not persuasive. As appellant himself contends, Schwallie's testimony did not establish that a violation of R.C. 2907.06 had occurred during the early part of March 1991 as alleged in the indictment.

Rather, it was the testimony of Foster and Wilson that established each element of the offense. Though appellant states that Foster and Wilson testified as to different acts constituting sexual contact, such differences did not preclude appellant's conviction. On the contrary, the testimony of Foster and Wilson established independent bases upon which the trial court could have found appellant guilty. Further, the fact that Schwallie's testimony itself did not establish each element of sexual imposition was not fatal to the state's case pursuant to R.C. 2907.06(B). In fact, such consideration reinforces the conclusion that appellant's conviction was not based solely on the victim's testimony. See, generally, *State v. Fawn* (1983), 12 Ohio App.3d 25, 27, 12 OBR 111, 112–114, 465 N.E.2d 896, 889–890. Appellant's second assignment of error is overruled.

In his third assignment of error, appellant contends that he was deprived of a fair trial in not being provided with prior written statements made by Schwallie. He claims that the court erred in refusing to allow him to use the statements on cross-examination pursuant to Crim.R. 16(B)(1)(g), which provides:

"*In camera inspection of witness' statement.* Upon completion of a witness' direct examination at trial, the court on motion of the defendant shall conduct an in camera inspection of the witness' written or recorded statement with the defense attorney and the prosecuting attorney present and participating, to determine the existence of inconsistencies, if any, between the testimony of such witness and the prior statement.

"If the court determines that inconsistencies exist, the statement shall be given to the defense attorney for use in cross-examination of the witness as to the inconsistencies.

"If the court determines that inconsistencies do not exist the statements shall not be given to the defense attorney and he shall not be permitted to cross-examine or comment thereon.

"Whenever the defense attorney is not given the entire statement, it shall be preserved in the records of the court to be made available to the appellate court in the event of an appeal."

Pursuant to this rule, the *in camera* inspection of the witness' prior statement is mandatory upon motion by the defendant. *State v. Wilson* (1985), 23 Ohio App.3d 111, 114, 23 OBR 221, 224–225, 491 N.E.2d 715, 718–719. During this inspection, attorneys for all parties "must be given the opportunity to: (1) inspect the statement personally; and (2) call to the court's attention any perceived inconsistencies between the testimony of the witness and the prior statement." *State v. Daniels* (1982), 1 Ohio St.3d 69, 1 OBR 109, 437 N.E.2d 1186, syllabus. Only if the court determines that inconsistencies exist is the statement to be given to the defense for use in cross-examination.

In the case at bar, the trial court complied with Crim.R. 16(B)(1)(g). It conducted an *in camera* inspection of Schwallie's statement with the attorneys for both parties present. The court concluded that no inconsistencies existed in the statements and therefore refused to allow appellant to use the prior statements on cross-examination. Having conducted an independent review of the statements, we conclude that the trial court properly found no inconsistencies. As such, appellant's third assignment of error is overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

WALSH, J., concurs.

JONES, P.J., dissents.

JONES, Presiding Judge, dissenting.

The court erred by finding that, pursuant to Evid.R. 403(A), evidence of Schwallie's alleged participation in sexually related discussions and horseplay was not admissible because its probative value was outweighed by the danger of unfair prejudice. R.C. 2907.06 expressly provides that sexual contact with another violates Ohio law only when "the offender knows that the sexual contact is offensive to the other person * * * or is reckless in that regard."

Appellant justifies his crude and boorish conduct by claiming that the alleged victim consented to similar conduct on the part of others employed by the automobile dealer, and that he therefore was unaware that his conduct would be offensive. Such evidence goes to the very basis of the offense. If appellant could show that the victim did not object when other employees "snapped her bra," pulled her shirt out of her slacks, or patted her on the derriere, and could further show that he was aware of such behavior, it is certainly arguable that he did not know such "sexual contact" was offensive to the fellow employee. Such evidence would also tend to show appellant was not "reckless in that regard."

While I in no way approve of appellant's loutish behavior, I find his convictions for major sexual offenses to constitute a distortion of the purposes and intent of the pertinent statutes for a criminal sex offense. Sexual harassment? Certainly!

In the final analysis, appellant simply forced his unwanted intentions upon a female employee. He was properly fired! An action for sexual harassment would lie, but a felony conviction for a sexual offense borders on the absurd.