OPINION
Appellant/defendant Shawn A. Harrel appeals his conviction and sentence from the Delaware County Court of Common Pleas on one count of gross sexual imposition, in violation of R.C.2907.05(A)(1).
 STATEMENT OF THE CASE AND FACTS
On October 9, 1998, the Delaware County Grand Jury indicted appellant on one count of gross sexual imposition, R.C.2907.05(A)(1). On November 6, 1998, appellant was arraigned and entered a plea of not guilty. A corresponding Judgment Entry on Arraignment was filed November 10, 1998. Defendant into a Stipulation with the State to take a polygraph test. An Entry on Stipulation of Use of Polygraph Test, signed by appellant, was filed January 11, 1999. A hearing on the Stipulation was held that same day. At the hearing, the trial court ascertained that appellant voluntarily entered into the Stipulation and a Judgment Entry so reflecting was that day. The matter came to trial on January 28, 1999, and was tried to the court, sitting without a jury. The following facts were elicited: On August 14, 1998, the victim, a fourteen-year old girl, went to spend the weekend with her sister. At her sister's house, the victim met the appellant. The victim had been told that appellant was someone whom her sister was dating. During the course of the evening, the three watched movies along with other people, including the sister's roommate and his girlfriend. In the early morning hours of August 15, 1998, people started going to bed. Eventually, everyone had gone to bed except the victim and appellant. They remained in the room watching television. While they were sitting on the couch, appellant tried to kiss the victim and persisted in this contact after the victim said no. Appellant's behavior escalated until appellant was rubbing on the victim and touching her. Appellant lay on top of her with the full weight of his body causing the victim to feel as if she could not get up. The victim testified that appellant rubbed on her with his penis, and touched her upper leg and chest area. While the victim could not indicate whether or not appellant had an erection, the victim indicated that while appellant was rubbing his penis on her, he began shaking and then the incident ended. The victim did not know what to do and she went to bed. The victim's sister testified that there was a change in the victim's behavior and, a day after the incident, the victim told her what had occurred. Cindy Erwin, a polygraph examiner with the Ohio Attorney General's Office, the Bureau of Criminal Identification and Investigation, testified as to the results of the polygraph test stipulated to and taken by appellant. Ms. Erwin testified that the test indicated that appellant was being deceptive to the relevant questions. The victim's sister testified for the State as a rebuttal witness. She testified that the victim's behavior after the incident was different from usual and the victim looked as if something was wrong. She testified that the day after the incident, the victim told her appellant had laid on top of her, tried to kiss her, rubbed on her and tried to push her shirt up. Appellant and appellant's aunt, Ruth Ann Harrel testified for the defense. Appellant acknowledged that he was in the company of the victim on the night and morning in question but denied that there was any physical or sexual contact between them. On February 1, 1999, the trial court found appellant guilty and filed a Judgment Entry of Sentencing. On March 1, 1999, the trial court sentenced the Defendant to a term of fifteen (15) months in prison and found appellant to be a Habitual Sex Offender pursuant to R.C. 2950.09(E). A Judgment entry of Sentencing and Sentencing Addendum for Sex Offenders was filed that same day. Defendant filed a timely Notice of Appeal on March 4, 1999. It is from his conviction and sentence that appellant prosecutes this appeal, raising the following assignments of error:
 I THERE WAS INSUFFICIENT EVIDENCE TO SUSTAIN THE DEFENDANT'S CONVICTION OF GROSS SEXUAL IMPOSITION IN VIOLATION OF SECTION 2907.05(A)(1) OF THE OHIO REVISED CODE.
 II THE TRIAL COURT'S FINDING OF GUILTY AS TO THE CHARGE OF GROSS SEXUAL IMPOSITION IN VIOLATION OF SECTION 2907.05(A)(1) IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 I
In his first assignment of error, appellant argues that there was insufficient evidence as a matter of law to sustain the conviction of gross sexual imposition. In State v. Jenks (1981), 61 Ohio St.3d 259, 574 N.E.2d 492, the Ohio Supreme Court set forth the standard of review when a claim of insufficiency of the evidence is made. The Ohio Supreme Court held:
 An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after reviewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jenks, supra, at paragraph two of the syllabus.
When applying the aforementioned standard of review to the case sub judice, based upon the facts noted supra, we do not find, as a matter of law, appellant's conviction was based upon insufficient evidence. To prove gross sexual imposition the state had to show that the accused had sexual contact with another, not the spouse of the offender or caused another, not the spouse of the offender, to have sexual contact with the offender; and that the accused purposely compelled the victim to submit by force or threat of force. Appellant argues that there was insufficient evidence to support a finding of sexual contact. Sexual contact is defined as "any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person." R.C. 2907.01(B). Appellant contends that the victim testified that appellant rubbed on her chest and between her breasts but she never testified that appellant actually rubbed the breast. Further, he argues that while the victim testified that appellant rubbed on her leg, she did not describe that further and the victim specifically denied that appellant touched her in the vaginal area. Lastly, appellant points out that the victim could not state whether or not appellant had an erection nor did she know what it meant to be aroused. Appellant thereby concludes that there was insufficient evidence to show that any actions by the appellant were done "for the purpose of sexually arousing or gratifying either person." The victim in this case testified that the appellant rubbed on her with his penis, and touched her upper leg and her chest area. We find that this constituted sexual contact. The statute specifically sets forth the thigh as an erogenous zone. Webster's Third New International Dictionary defines thigh as "the proximal segment of the vertebrate hind limb extending from the hip to the knee and supported by a single large bone." We find that thigh includes the upper leg. In addition, the statute does not limit sexual touching to the areas of the body listed. Sexual contact is "any touching of an erogenous zone of another, including but without limitation" the areas listed in R.C. 2907.01(B). We, therefore, further find that the female chest area and/or between a female's breasts is within the erogenous zone or area contemplated by the statutory definition of erogenous zone. Reviewing the victim's testimony as a whole, we find that appellant's activities constituted sexual contact. While appellant was rubbing his penis on her, he began shaking and then the incident ended. The victim was not able to articulate whether or not the appellant was aroused. However, the term "sexual arousal or gratification" includes any touching that a reasonable person would perceive as sexually stimulating. State v. Astley (1987), 36 Ohio App.3d 247, 250, 523 N.E.2d 322. We find that there is sufficient evidence to show that the above described sexual contact by appellant was done for the purpose of sexual arousal or gratification. Appellant submits that there was insufficient evidence to support a finding that the victim was forced to submit by "force or threat of force." Force is defined as "any violence, compulsion, or constraint physically exerted by any means upon or against a person or thing." R.C. 2901.01(A)(1). The victim, a fourteen-year old girl, testified that appellant was laying on top of her with the full weight of his body on her and that she did not feel as if she could get up. We find that this testimony meets the definition of a "constraint physically exerted by any means upon a person." See State of Ohio v. Birkman (1993), 86 Ohio App.3d 784,788, 621 N.E.2d 1266 (Appellant's act of placing his arms such that victims could not move away from him constituted force within the meaning of R.C. 2907.05(A)(1) and 2901.01(A)). Further, a victim need not prove that she physically resisted the offender in prosecutions for gross sexual imposition. R.C. 2907.05(C). We find that the evidence was sufficient to support a finding of force. Appellant's first assignment of error is overruled.
 II
In appellant's second assignment of error, appellant contends that the trial court's finding of gross sexual imposition was against the manifest weight of the evidence. On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine "whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed. . . . The discretionary power to grant a new hearing should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." State v. Thompkins (1997), 78 Ohio St.3d 380, 387, 678 N.E.2d 541
citing State v. Martin (1983), 20 Ohio App.3d 172, 175,485 N.E.2d 717. Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of syllabus. Appellant argues that the only direct evidence presented was the testimony of the alleged victim. The victim had no physical injuries and her clothes were not torn or destroyed. The appellant points to the trial court's expressed concerns that a person could be convicted of felony gross sexual imposition without any other supporting evidence when a misdemeanor conviction cannot be sustained solely upon a victim's testimony, unsupported by other evidence. See Transcript of sentencing, March 1, 1999, pp. 19-20. Appellant contends that there was no substantiating testimony. Further, appellant argues that there is a total lack of any evidence of compelling force. Lastly, appellant cites the victim's delay in telling anyone of the incident, which occurred in the early hours of a Saturday, until Sunday, after attending church as additional evidence that the trier of fact lost its way and created a manifest injustice. We find that there was relevant, competent and credible evidence upon which the fact finder could base its judgment. The statute under which appellant was convicted specifically states that there is no requirement that there be evidence shown that the victim physically resisted the offender. R.C. 2907.05(C). In this case, the state needs only show that appellant had sexual contact with another, not the spouse of the offender and that the accused purposely compelled the victim to submit by force or threat of force. The victim testified to appellant having rubbed his penis on her leg, rubbed her chest and shoulders and kissed her mouth, neck and stomach. Further, the victim testified that appellant lay on top of her, placing his full body weight upon her, while holding her shoulders. The trier of fact had ample opportunity to assess the credibility of appellant and the victim. Accordingly, we find that the judgment is supported by some credible evidence going to all the essential elements of the case and will not be reversed as against the manifest weight of the evidence.
We cannot find that the trier of fact lost its way and created a manifest injustice. Appellant's second assignment of error is overruled.
By EDWARDS, J. WISE, EP.J. and HOFFMAN, J. concurs.