This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant Richard K. Owen has appealed from an order of the Medina County Court of Common Pleas that found him guilty of two counts of gross sexual imposition ("GSI"). This Court affirms.
 I
Appellant was practicing chiropractic medicine when three of his female patients — Linda Biliczky, Laura Enoch, and Deanna Walker alleged that Appellant had engaged in improper sexual contact during their treatments. Appellant was indicted on two counts of GSI in violation of R.C. 2907.05(A)(1), and one count of GSI in violation of R.C.2907.05(A)(5), all fourth degree felonies.
Appellant waived his right to a jury and the case was tried before a judge. The trial court found Appellant guilty on two counts of GSI relating to Biliczky and Walker, but not guilty on the charge of GSI regarding Enoch. Appellant was sentenced to a prison term of six months on each count, with the sentences to run concurrently. Appellant has timely appealed, asserting two assignments of error.
 II Assignment of Error Number One
 There was insufficient evidence to support a finding of guilt for the offense of gross sexual imposition.
In his first assignment of error, Appellant has argued that the evidence presented at trial was insufficient to support his convictions for GSI. Specifically, Appellant has contested the sufficiency of the evidence underlying the trial court's findings that: (1) the unlawful touching occurred; (2) any touching was for purposes of sexual arousal or gratification rather than for treatment; and (3) Biliczky's ability to resist was substantially impaired because of a mental or physical condition, or that Appellant exerted the requisite force or threat of force against Walker.
In reviewing the sufficiency of the evidence, it is the function of this Court:
 to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.
State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. "`[S]ufficiency' is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law." (Quotations omitted). State v. Thompkins (1997), 78 Ohio St.3d 380,386. A reversal of a verdict based on the insufficiency of the evidence means that no rational trier of fact could have found the defendant guilty. Id.
 Linda Biliczky
Appellant was convicted of violating R.C. 2907.05(A)(5) for improper sexual contact with Linda Biliczky during treatment for pain in her neck and upper back. R.C. 2907.05(A)(5) provides:
 No person shall have sexual contact with another, not the spouse of the offender * * * when * * * [t]he ability of the other person to resist or consent * * * is substantially impaired because of a mental or physical condition * * * and the offender knows or has reasonable cause to believe that the ability to resist or consent of the other person * * * is substantially impaired because of a mental or physical condition * * *.
"Sexual contact" is defined as:
 [A]ny touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person.
R.C. 2907.01(B).
Appellant has first argued that there was insufficient evidence to find that the touching of an erogenous zone necessary for "sexual contact" had occurred between Appellant and Biliczky. This Court disagrees.
Biliczky testified that when she first visited Appellant's office, Appellant cupped her bare left breast with three of his fingers while she was lying on her stomach on the examination table. Biliczky dismissed the incident as an accident, and returned to Appellant's office for more treatment the next day.
Biliczky testified that on this second visit, Appellant used a hand-held vibrating massager on her neck and back as she again lay on her stomach on Appellant's examination table wearing only an examination gown. She further testified that, although her injuries were confined to her neck and upper back, Appellant ran the massager over her buttocks and between her legs, bringing the massager into contact with her vagina. Viewing the evidence in a light most favorable to the state, therefore, a rational trier of fact could have found that the contact with Appellant described by Biliczky occurred. Appellant's first argument is not well taken.
Next, Appellant has argued that the evidence was insufficient to support the trial court's finding that any contact that had occurred between Appellant and Biliczky was "for the purpose of sexually arousing or gratifying either person." Specifically, Appellant has argued that any touching of Biliczky was solely for treatment purposes.
In finding that the touching that had occurred was for the "purpose of sexual arous[al] or gratif[ication,]" the trial court looked to the circumstances surrounding the contact. Biliczky testified that on her second visit to his office, Appellant began rubbing her back in the reception area. According to Biliczky, Appellant then escorted her to a small changing room, handed her a gown, and remained in the room as she prepared to disrobe, saying "It's okay, I'm a doctor." Biliczky testified that Appellant left the changing room only when it became evident that she would not get undressed in his presence. She further stated that as she was preparing to leave his office, Appellant put his hand on her chin and leaned down to try to kiss her, and told her that she had beautiful eyes. Finally, Biliczky testified that Appellant hugged her as she was leaving, and rubbed his genital area against her so that she could feel he had an erection.
This Court finds that in viewing the evidence in a light most favorable to the prosecution, a rational trier of fact could have found beyond a reasonable doubt that Appellant's contact with Biliczky was for the purpose of sexual arousal or gratification. Accordingly, Appellant's second argument must fail.
Finally, Appellant has argued that there was insufficient evidence to support the trial court's finding that Biliczky's ability to resist was substantially impaired due to a physical condition. This Court disagrees. Biliczky testified that when she went to see Appellant she could not move her head from side to side, her neck was "locked," and her left arm was drawn up and immobilized by pain. She also testified that when she was lying on the examination table and Appellant applied the hand-held massager to her vagina, her physical condition prevented her from getting off the table or away from Appellant, or even moving at all:
 [Biliczky]: I was laying on my stomach, and when I was laying on my stomach I couldn't even raise my head or my arms or my shoulder to get up. I — I couldn't move.
 [Prosecutor]: Did you have the ability to even push his hand away from your buttock area at the time he had the massager there?
[Biliczky]: No.
Accordingly, there was sufficient evidence from which a trier of fact could have found beyond a reasonable doubt that Biliczky's ability to resist was substantially impaired because of a physical condition. Appellant's third argument is also without merit.
 Deanna Walker
Appellant was convicted of GSI in violation of R.C. 2907.05(A)(1), for improper sexual contact with his patient Deanna Walker during treatment for pain in her neck and back, and numbness in her arms. R.C.2907.05(A)(1) provides: "No person shall have sexual contact with another, not the spouse of the offender * * * when * * * [t]he offender purposely compels the other person * * * to submit by force or threat of force." Force is "any violence, compulsion, or constraint physically exerted by any means upon or against a person or thing." R.C.2901.01(A)(1).
Appellant has claimed that there was insufficient evidence to support the trial court's findings that there was sexual contact between Walker and Appellant, and that Appellant compelled Walker to submit by force or threat of force. This Court disagrees.
One acts with force when he prevents his victim from moving away from him. State v. Birkman (1993), 86 Ohio App.3d 784, 788. In determining whether force under R.C. 2901.01(A)(1) was present, this Court may consider "the size and demeanor of the defendant, the likelihood of physical injury from the defendant's conduct, and any peculiar vulnerability of the victim." State v. Walker (June 11, 1997), Summit App. No. 17815, unreported, at 5-6. Further, a victim need not prove that she physically resisted the defendant in a prosecution for GSI. R.C.2907.05(C).
In the instant case, Walker went to see Appellant for pain in her upper back and neck, and numbness in her arms. According to Walker, she was topless during the examination except for the gown given to her by Appellant, and she had unfastened and slightly pulled down her blue jeans. She testified that while she was lying on her stomach on the examination table, Appellant unnecessarily and without her consent massaged her bare breasts. She also stated that Appellant massaged her buttocks and vaginal area through her blue jeans, until she wiggled around to make him stop. She further testified that Appellant told her to turn over, and he again massaged her breasts and attempted to put his hand down the front of her blue jeans until she again wiggled herself to make him stop.
Accordingly, a rational finder of fact could have found that there was sexual contact between Appellant and Walker. In addition, Walker testified that Appellant was standing over her as she lay on the examination table and only stopped touching her erogenous zones when she wiggled away from his touch. There was therefore sufficient evidence from which a trier of fact could have found that during the sexual contact Appellant prevented Walker from moving away from him. Appellant's first assignment of error is overruled.
Assignment of Error Number Two
 The trial court erred when it allowed the prosecution to examine the Defendant-Appellant about his private life.
In his second assignment of error, Appellant has argued that the trial court erred in allowing testimony concerning Appellant's involvement with women he dated. Specifically, Appellant has claimed that testimony about his personal relationships was used as character evidence in violation of Evid.R. 404. Evid.R. 404(A) provides:
 (A) Evidence of a person's character or a trait of his character is not admissible for the purpose of proving that he acted in conformity therewith on a particular occasion * * *.
Appellant has contended that the trial court improperly allowed testimony concerning Appellant's dating habits. In support of his argument, Appellant has cited only one objection raised at trial. This objection was to the testimony of a friend and former employee of Appellant that Appellant had dated more than one woman. The trial court overruled this objection, and the witness went on to testify that Appellant used to live with a woman above his office, that he met his fiancee on the internet, that he asked women out on dates in the office, and that he gave free treatments to women who dated him. Appellant has claimed that he was prejudiced by this testimony because these facts formed the basis for an inference that the charges of GSI against Appellant were consistent with his character.
The record shows, however, that this same witness testified earlier in the trial during the state's case in chief. In this earlier testimony the witness testified without objection that Appellant dated more than one woman, that he dated his patients and former patients, and that he gave free treatments to women who dated him. Since Appellant did not object to this testimony the first time it was elicited, he failed to preserve for review any error that the admission of this testimony may have constituted. Dellenbach v. Robinson (1993), 95 Ohio App.3d 358,377-378, appeal not allowed (1993), 67 Ohio St.3d 1420. The only issue before this Court with respect to Appellant's second assignment of error, therefore, is whether the trial court committed reversible error in allowing testimony that Appellant lived with a woman above his office and that he met his fiancee on the internet.
In a bench trial in a criminal case, a presumption arises that the trial court "considered only the relevant, material, and competent evidence in arriving at its judgment unless it affirmatively appears to the contrary." State v. White (1968), 15 Ohio St.2d 146, 151. Moreover, Crim.R. 52(A) provides that "[a]ny error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded." In order to deem the error harmless, this Court must be able to say that the error was harmless beyond a reasonable doubt.Chapman v. California (1967), 386 U.S. 18, 24, 17 L.Ed.2d 705, 716. "Where there is no reasonable possibility that unlawful testimony contributed to a conviction, the error is harmless and therefore will not be grounds for reversal." State v. Brown (1992), 65 Ohio St.3d 483,485, citing State v. Lytle (1976), 48 Ohio St.2d 391, paragraph three of the syllabus, vacated on other grounds (1978), 438 U.S. 910,57 L.Ed.2d 1154. A reviewing court may overlook an error where the admissible evidence comprises "overwhelming" proof of a defendant's guilt. Statev. Williams (1983), 6 Ohio St.3d 281, 290, cert. denied (1983),464 U.S. 1020, 78 L.Ed.2d 727. An error in the admission of evidence is harmless, therefore, when there is no reasonable probability that the evidence may have contributed to the defendant's conviction. State v.DeMarco (1987), 31 Ohio St.3d 191, 195.
After a thorough review of the record, this Court finds that any prejudice that may have resulted from any improper admission of evidence that Appellant lived with a woman above his office and that Appellant met his fiancee over the internet, is harmless. Appellant's second assignment of error is overruled.
 III
Having overruled Appellant's assignments of errors, this Court affirms the judgment of the court of common pleas.
The Court finds that there were reasonable grounds for these appeals.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
BATCHELDER, P.J. and CARR, J. concur.