JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant, Dariusz Oponski ("Oponski"), appeals his conviction for felonious assault. Finding no merit to the appeal, we affirm.
 {¶ 2} In April 2001, Oponski was charged with felonious assault. The events giving rise to the indictment occurred on December 22, 2000 at a Cleveland night club, where Oponski punched the victim in the jaw. He fled the jurisdiction after being indicted and was returned to the court's custody in April 2004. In September 2004, a jury returned a guilty verdict and the trial court sentenced him to five years of community control sanctions.
 {¶ 3} Oponski appeals, raising one assignment of error. He argues that the trial court abused its discretion by admitting a police detective's testimony regarding Oponski's flight from Ohio and his subsequent arrest in New York. He claims that the evidence was inadmissible because the State failed to prove any connection with his fleeing the jurisdiction and the underlying fight. He further contends that the prejudicial effect of the testimony outweighed its probative value, thereby warranting its exclusion. We find these arguments unpersuasive.
 {¶ 4} It is well settled that "the trial court has broad discretion in the admission of evidence, and unless it has clearly abused its discretion and the defendant has been materially prejudiced thereby, an appellate court should not disturb the decision of the trial court." State v. Barnes,94 Ohio St.3d 21, 23, 2002-Ohio-68, quoting State v. Issa,93 Ohio St.3d 49, 64, 2001-Ohio-1290. Accordingly, our inquiry is whether the trial court acted unreasonably, arbitrarily, or unconscionably in admitting the detective's testimony as relevant evidence.
 {¶ 5} Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Evid.R. 401. Generally, all relevant evidence is admissible. Evid.R. 402. However, relevant evidence is not admissible when its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. Evid.R. 403(A);State v. Jurek (1989), 52 Ohio App.3d 30, 35.
 {¶ 6} The Ohio Supreme Court has held that evidence of flight is admissible to show consciousness of guilt. State v. Taylor,78 Ohio St.3d 15, 27, 1997-Ohio-243; State v. Eaton (1969),19 Ohio St.2d 145, paragraph six of the syllabus, vacated as to death penalty (1972), 408 U.S. 935. "`It is today universally conceded that the fact of an accused's flight, escape from custody, resistance to arrest, concealment, assumption of a false name, and related conduct, are admissible as evidence of consciousness of guilt, and thus of guilt itself.'" Eaton,
supra, at 160, quoting 2 Wigmore, Evidence (3 Ed.) 111, Section 276. Moreover, evidence of a defendant's flight from the jurisdiction does not have to be contemporaneous with the underlying offense to be admissible. See State v. Alexander
(Feb. 26, 1987), Cuyahoga App. No. 51784.
 {¶ 7} In the instant case, we cannot say that the trial court abused its discretion in admitting evidence of Oponski's flight from Ohio. Contrary to Oponski's contention, we find no requirement that the State must produce evidence that the defendant changed his identity after fleeing the jurisdiction for the court to allow the admission of the evidence. Further, the mere fact that the flight did not occur immediately following the offense does not change its admissibility. As this court has previously recognized, "flight on the eve of trial can carry the same inference of guilt as flight from the scene." Alexander,
supra. Here, the trial court properly admitted the detective's testimony as relevant evidence because it demonstrated Oponski's consciousness of guilt and, further, it explained why Oponski's trial occurred nearly four years after the underlying offense.
 {¶ 8} The sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Sweeney, P.J. and Calabrese, Jr., J. concur.